UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

RICHARD CHRISTIANSON,                   Case No. 21-cv-23

       Plaintiff,

vs.

BLACKHAWK COMMUNITY
CREDIT UNION, INC.,

       Defendant.

---

## COMPLAINT

---

NOW COMES the Plaintiff, Richard Christianson, by and through his attorneys, DeLadurantey Law Office, LLC and complains of Defendant Blackhawk Community Credit Union, Inc. and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from illegal credit reporting.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### Jurisdiction and Venue

3. This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## Parties

6. Plaintiff Richard Christianson (hereinafter "Plaintiff") is a natural person who resides in the County of Rock, State of Wisconsin.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

8. Defendant Blackhawk Community Credit Union Foundation, Inc. (hereinafter "Defendant") is a business operating from an address at 2640 W. Court Street, Janesville, WI 53547. Defendant's registered agent is Matt Wohlers, at the same address.

## BACKGROUND

9. In August, 2006, Plaintiff took out a mortgage related to a loan on his home.

10. The debt was incurred for personal, family, or household purposes.

11. On July 22, 2014, Plaintiff filed for relief under Chapter 13 of the United States Bankruptcy Code for the Western District of Wisconsin.

12. Plaintiff stated that he intended to keep his home subject to the mortgage with Defendant, and to pay the mortgage payments that became due after the case (commonly called "post-petition payments").

13. Plaintiff successfully completed his bankruptcy proceeding and received his discharge of debts on August 14, 2019.

14. On September 19, 2019, Defendant certified to the United States Bankruptcy Court for the Western District of Wisconsin that Plaintiff has paid all of post-petition bankruptcy payments and was current.

15. In 2020, Plaintiff pulled his credit report to prepare to refinance his home.

16. To his surprise, Defendant was reporting a derogatory and past-due amount on his credit report, specifically that Plaintiff had been late on his payments while in bankruptcy.

17. This statement was false as Plaintiff had been current and made his post-petition payments.

18. After discovering this, Plaintiff contacted the credit reporting agencies to let them know the information from Defendant was incorrect.

19. Defendant responded to requests from the credit reporting agencies, verifying that a balance was owed.

## Count 1 – Violations of the Fair Credit Reporting Act

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendant prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Plaintiff, as defined in the FCRA.

22. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update Plaintiff's credit report to accurately reflect his loan.

23. As a result of Defendant's failures to correct their erroneous and derogatory credit reporting, Plaintiff has suffered reduced credit access, emotional distress, embarrassment,

helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear, constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

24. Because Defendant disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Plaintiff to actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

25. Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## **Trial by Jury**

26. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter an Order:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1); against the Defendant;

B. Statutory and punitive damages against the Defendant, pursuant to 15 U.S.C. § 1681n(a);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against the Defendant; and

D. For such other and further relief as may be just and proper.

Dated this 13th day of January, 2021.

/s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive., Suite 109
Brookfield, WI 53005
Phone: (414) 377-0515
E: nathan@dela-law.com
*Attorney for the Plaintiff*